# **EXHIBIT 12**

# Morgan Lewis

**Brian D. Hector**
Partner
+1.312.324.1160
brian.hector@morganlewis.com

February 14, 2019

**BY ELECTRONIC AND U.S. MAIL**

Mr. Robert R. Gould
Principal and Vice Chairman
Spinnaker Trust
123 Free Street
Portland, ME 04101

Re:   **John Wade/Tri-Wire ESOP**

Dear Mr. Gould:

We represent John Wade in his capacity as Chief Executive Officer ("CEO") of Tri-Wire Engineering Solutions, Inc. ("Company"), Chairman of the Company's Board of Directors ("Board"), and as a party to the transaction, dated December 30, 2016 ("ESOP Transaction"), with the Company and the Tri-Wire Employee Stock Ownership Trust ("Trust"), which funds the Tri-Wire Employee Stock Ownership Plan ("Plan") (for purposes of this letter, the Plan and Trust will collectively be referred to as the "ESOP"). We write this letter in response to your actions, in your capacity as ESOP trustee, both Tuesday and over the past several months.

On Tuesday, you took action (as ESOP trustee and sole shareholder of the Company) by unanimous written consent ("Consent") that purported to (a) add a fifth seat to the Board, and (b) elect Maurice Hryshko to the Board. Sections 5.2 and 5.3 of the Trust provides, in pertinent part, that you, as ESOP trustee, are to be directed, in writing, by the Plan Administrator (i.e., the Company) on all matters. As the Company's Board of Directors did not vote to direct you to do these things, you received no duly authorized written direction from the Company to adopt the Consent. The Consent, therefore, is void and has no binding effect on the Company. Consequently, Mr. Wade, as Chairman of the Board, demands that you submit a signed withdrawal of the Consent immediately to each Board member and confirm that (a) there still are only four seats on the Board, and (b) Mr. Hryshko is not, and has not been, a member of the Board.

Your actions taken Tuesday were imprudent, superseded your authority as ESOP trustee, failed to follow the terms of the Trust, and, therefore, violated your duties as a fiduciary under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). These actions, including your apparent support and facilitation of the invalid creation by certain directors of a "special committee" in violation of the Company bylaws and subsequent unauthorized actions taken by such committee in the name of the Company were taken in reckless disregard of the Company's governance documents and contracts. The purported suspension of Mr. Wade as CEO, for example,

Morgan, Lewis & Bockius LLP

77 West Wacker Drive
Chicago, IL  60601-5094
United States

T +1.312.324.1000
F +1.312.324.1001

Mr. Robert R. Gould
February 14, 2019
Page 2

violates covenants contained in certain of the Company's loan documents, which may put the Company's financing arrangements in jeopardy.

    Further, your actions over the past several months have, directly and indirectly, led to division on the Board, called into question your independence, and put the financial condition of the Company at risk and, as such, are further actions where you have also violated your ERISA fiduciary duty to act prudently and exclusively in the best interest of the ESOP participants. You have not undertaken your ERISA fiduciary duty to keep fully informed about the affairs of the Company by, among other actions, not responding to Mr. Wade's calls or failing to follow up with Mr. Wade or David Gesmondi as to the various facts and issues pertaining to Mr. Wade's conduct as CEO. As you know, Mr. Wade is the Company's largest creditor and no one has a greater interest in the financial success of the Company than he does.

    Mr. Wade, as a Board member, is also an ERISA fiduciary and one of his primary obligations as a fiduciary is to monitor your conduct. Further, he is an ERISA co-fiduciary with you and, pursuant to Section 405 of ERISA, because he is aware of the above referenced breaches of fiduciary duty by you he must make every effort to remedy such breach.

    Mr. Wade demands that you take the actions outlined above to acknowledge the invalidity of your actions of Tuesday and that you comport yourself with your fiduciary duties by acting independently and in the best interests of the Company. Mr. Wade reserves the right to take all necessary action taking into consideration the interests of the Company and, in particular, the ESOP participants' stock value in the ESOP.

Sincerely,

*[signature: Brian A. Hector]*

Brian D. Hector

BDH:lmf

cc:  John R. Wade, III
      David Gesmondi, Director
      Robert Newell, Director
      L. Scott Perry, Director
      Michael D. Rosen, Esq.
      David W. Robinson, Esq.
      Steven M. Giordano, Esq.
      Charles L. Solomont, Esq.
      Kristen E. Ferris, Esq.