# **EXHIBIT 13**

MASELAN & JONES, P.C.

ATTORNEYS AT LAW
ONE INTERNATIONAL PLACE
BOSTON, MASSACHUSETTS 02110

(617) 451-1500
FAX (617) 451-5174

February 16, 2019

*Via Electronic Mail (brian.hector@morganlewis.com)*

Mr. Brian D. Hector, Partner
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601-5094

    Re:    **John Wade/Tri-Wire ESOP**

Dear Mr. Hector:

    We represent Spinnaker Trust, solely in its capacity as trustee (the "Trustee") of the Tri-Wire Employee Stock Ownership Trust (the "Trust"), which implements the Tri-Wire Employee Stock Ownership Plan (the "Plan" and together with the Trust, the "ESOP") and owns 100% of the issued and outstanding shares of Tri-Wire Engineering Solutions, Inc. (the "Company"). We are in receipt of your letter dated February 14, 2019 and are writing in response to the assertions made therein.

    We understand that over the past several months, the Trustee has received numerous allegations from ESOP participants raising serious concerns about potential misconduct by the Company's Chief Executive Officer, John Wade, including incidents of harassment and diversion of the Company's funds to Mr. Wade's family members to the detriment of the Company. If true, Mr. Wade's actions are negatively affecting the value of the Company and thus harmful to ESOP participants and beneficiaries.[1]

    While we acknowledge the directed trustee language in the Trust agreement, the Department of Labor (DOL) advised in FAB 2008-01 that provisions of a trust document defining the responsibilities of a plan fiduciary "may not be completely determinative if the provisions in the documents are inconsistent with the actions of the parties. For example, if a nominally directed trustee routinely assumes discretionary responsibility, the trustee cannot seek to limit its liability with respect to the exercise of that discretion on the basis that it is a directed trustee." When Robert Newell, Dave Gesmondi, and Scott Perry were elected as directors of the

---

[1] Mr. Wade, as the Company's largest creditor, certainly has an interest in the financial success of the Company, but that is not proof that all of his actions are in accordance with that interest. We also believe the Trustee, on behalf of the ESOP participants and beneficiaries, has an even greater interest in the financial success of the Company.

MASELAN & JONES, P.C.

Company in June 2017, the Trustee was not directed to so elect them. To the contrary, Mr. Wade asked the Trustee to "consider them thoughtfully" and elect them if "in agreement" with his nominations, suggesting that the parties intended for the Trustee to exercise discretion in its election of the Company's Board of Directors, as is customary for a company's sole shareholder. To the extent Mr. Wade nevertheless views himself as having provided direction on behalf of the Company with respect to the June 2017 action, we note that, in a similar manner, Robert Newell and Scott Perry asked the Trustee to appoint a fifth director so the Company's Board of Directors could form a Special Committee of the Company's Board of Directors (the "Special Committee") to independently investigate the allegations against Mr. Wade.

In any event, section 404(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), requires all ESOP fiduciaries to discharge their duties with respect to a plan solely in the interest of the participants and beneficiaries and, *inter alia*, "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of a like character and with like aims." ERISA section 403(a) says that a trustee is only subject to proper direction of a named fiduciary if the directions are not contrary to ERISA, and ERISA section 404 requires a trustee to act in accordance with a trust agreement only insofar as the agreement is consistent with ERISA. No reasonably prudent person would choose to ignore the allegations concerning Mr. Wade. Indeed, prudence necessitates investigation of Mr. Wade's actions, and we understand Mr. Wade has actively sought to prevent any such investigation – including through seizing unilateral control over the Company's email and bank accounts. A direction to stand idly by while Mr. Wade makes every effort to thwart an independent investigation of his conduct cannot be consistent with ERISA and thus cannot be required of the Trustee.

Of additional consideration are ERISA sections 405(a)(1) and 405(a)(3), which impose co-fiduciary liability on a trustee if a trustee participates knowingly in the breach of another fiduciary or fails to make reasonable efforts to remedy a breach of which it has knowledge. As the DOL affirmed in FAB 2004-03, when a directed trustee knows that a named fiduciary is "failing to discharge its obligations in accordance with ERISA's requirements, it [cannot] simply follow directions from the breaching fiduciary." In such a situation, a trustee must make efforts to remedy a breach and any further imminent breach. We thus view the Trustee's appointment of an independent director, who was able to provide the necessary vote for the Company's Board to form the Special Committee, as a reasonable and prudent effort to remedy this situation.[2] The appointment of the new director was in compliance with all requirements of the Company's Bylaws and is consistent with the Trust's rights as a shareholder as set forth therein.

The Trustee is not seeking to engage in a protracted battle with the Company or Mr. Wade, but it is imperative that the allegations against Mr. Wade be investigated immediately without his interference. We welcome your other suggestions for accomplishing this goal – and

---

[2] In FAB 2004-03, the Department of Labor said that efforts to remedy a breach or prevent further imminent breach may include reporting the breach to the DOL. Please advise if that alternative course of action is preferred.

Page 2

MASELAN & JONES, P.C.

we would be happy to set up a call so that we can discuss alternative options – but we must reserve the Trustee's continued right to carry out its duties under ERISA.

        Very truly yours,

        MASELAN & JONES, P.C.

        *[signature]*

        W. Terence Jones

cc: Timothy H. Madden, Esq.