IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN R. WADE, III, SHARON WADE, JOHN WADE IV, AND TAYLOR WADE, <br><br> Plaintiffs, <br><br> v. <br><br> TRI-WIRE EMPLOYEE STOCK OPTION TRUST, SCOTT PERRY, ROBERT R. NEWELL, ROBERT LANDRY, DAVID GESMONDI, CAPITAL TRUSTEES, LLC, SPINNAKER TRUST, ROBERT GOULD, JEANNINE PENDERGAST, EMPIRE VALUATION CONSULTANTS, LLC, SES WINDING UP CORPORATION F/K/A SES ADVISORS, INC., SES ESOP STRATEGIES, LLC, AS SUCCESSOR TO SES ADVISORS, INC., BELLMARK PARTNERS, LLC, JOHN MARSH, LORI WENETTA, AND RUBEN KLEIN, <br><br> Defendants. | CASE NO. 1:20-cv-10523-DLC <br><br> MAGISTRATE JUDGE DONALD L. CABELL <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS JEANNINE PENDERGAST AND ROBERT GOULD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

## INTRODUCTION

This case is about Plaintiff John R. Wade III's ("Wade" or "Plaintiff") actions surrounding a December 30, 2016 transaction in which he sold 100% of his shares in Tri-Wire Engineering Solutions, Inc. ("Tri-Wire" or the "Company") that resulted in an employee stock ownership plan ("ESOP") being the sole owner of the Company. On March 16, 2020, Plaintiff and his family filed a broad-sweeping Complaint replete with meager allegations that implicate those with even the most attenuated connection to the ESOP transaction or the Company.

Plaintiffs have improperly placed Defendant Spinnaker in the crosshairs of their meritless and kitchen-sink Complaint, even though Spinnaker was *not* the Trustee at the time of the transaction, but only became the ESOP trustee nearly three months later, in March 2017. Plaintiffs

have also improperly named as Defendants two of Spinnaker's employees —Defendants Robert Gould and Jeannine Pendergast ("Gould" and "Pendergast").

As set forth in Spinnaker's Motion for Judgment on the Pleadings, filed contemporaneously with this Motion, Plaintiffs' scattershot claims against Spinnaker fail as a matter of law. Plaintiffs have named Gould and Pendergast as Defendants to each of the claims asserted against Spinnaker, except Count 18, and each of the claims against them should be dismissed for the same reasons as the claims against Spinnaker.

The claims against Gould and Pendergast should also be dismissed for two additional reasons.

First, the Complaint fails to satisfy the legal standard required to assert an ERISA claim against an employee. There are two ways to establish a defendant as a fiduciary, neither of which are present here because (1) Gould and Pendergast were not named fiduciaries by plan documents, and (2) there are no facts alleged in the Complaint that indicate Gould or Pendergast were "functional" fiduciaries with discretionary authority or control over the ESOP or its assets. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993).

Second, Plaintiffs' collective allegations against the Spinnaker Defendants cannot establish that Gould or Pendergast are fiduciaries under ERISA. The few allegations contained in the Complaint regarding Gould and Pendergast's putative fiduciary status are conclusory and factually insufficient to state a valid claim that they were ERISA fiduciaries. Accordingly, the ERISA claims against Gould and Pendergast should be dismissed for the additional reason that they are not fiduciaries.

## **RELEVANT FACTS**

Tri-Wire is a Massachusetts corporation founded by Plaintiff John Wade. (Doc. 1, at ¶ 27). Tri-Wire provides installation, maintenance, and other technical support services to the cable and

telecommunications industries. In 2016, Wade transferred his ownership interest in Tri-Wire to an ESOP. (*Id.* at ¶ 53). The details of the transaction are more fully set forth in Defendant Spinnaker's Motion for Judgment on the Pleadings. For the purposes of this Motion, the relevant facts are simple. Spinnaker took over as Trustee for the ESOP in March 2017 and is the named fiduciary on ESOP documents. (*Id.* at ¶ 21).

Gould and Pendergast are employees of Spinnaker: Gould is an Executive Vice President, and Pendergast is a Senior Vice President, ESOP Client Advisor. (*Id.* at ¶¶ 22–23). Plaintiffs allege that Gould and Pendergast, as employees of the ESOP's Trustee, "have various duties to the ESOT [sic] and, by extension, to the ESOP participants and beneficiaries (including Plaintiffs), including but not limited to, the duty of loyalty, the duty to act prudently, and the duty to act in accordance with plan documents." (*Id.* at ¶ 217). In a series of general allegations that lump together Spinnaker, Gould, and Pendergast, Plaintiffs allege that these Defendants "violated the fiduciary duties imposed on them by the trust agreement and by ERISA." (*See Id.* at ¶ 126). Plaintiffs further allege that Spinnaker, Gould, and Pendergast *collectively* violated their fiduciary duties largely through their involvement with Tri-Wire's Board of Directors and its investigation of Wade following the sale of his shares to the ESOP. (*Id.* at ¶ 218(a)-(k)).

Plaintiffs, however, fail to allege that Gould or Pendergast were either "named" fiduciaries or "functional" fiduciaries that maintained the required discretionary control or authority over the ESOP or its assets. Rather, Plaintiffs make cumulative allegations against the Spinnaker Defendants as a whole, making it impossible to distinguish how Gould or Pendergast, as individual employees, were allegedly fiduciaries under ERISA.

## LAW AND ARGUMENT

The Court must dismiss a Complaint if, after accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of a plaintiff, it determines that the Complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to defeat a motion to dismiss, a Complaint must contain "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the asserted claims. *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead "more than labels and conclusions," and the factual allegations must be sufficient to "raise a right [to] relief above the speculative level." *Morales–Tañon v. P.R. Elec. Power Auth.*, 524 F.3d 15, 18 (1st Cir. 2008) (internal quotation marks omitted).

## I.   PLAINTIFFS' COMPLAINT DOES NOT SATISFY THE LEGAL STANDARD REQUIRED FOR EMPLOYEES TO BE PERSONALLY LIABLE AS ERISA FIDUCIARIES

Count III of Plaintiffs' Complaint alleges that Gould and Pendergast breached their fiduciary duties owed under ERISA. To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege (1) that the defendant was acting as a fiduciary under the plan, (2) that the defendant breached their fiduciary duty, and (3) that the breach caused harm to the plaintiff. *Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000) ("In every case charging breach of ERISA fiduciary duty ... the threshold question is ... whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."); *Cotton v. Mass. Mut. Life. Ins. Co.*, 402 F.3d 1267, 1280 (11th Cir. 2005) (holding that the plaintiffs could not recover under ERISA § 502(a) because they could not establish that defendant was a fiduciary for any purpose that is relevant to the misconduct alleged).

Here, the claims against Gould and Pendergast fail the first required element – Gould and Pendergast did not act as a plan fiduciaries. Plaintiffs allege that Gould and Pendergast breached their duties as ERISA fiduciaries under 29 U.S.C. § 1109(a), which states:

> [a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a). Under ERISA, both persons named as fiduciaries in the plan and "functional" fiduciaries can be ERISA fiduciaries. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993); *see also Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 18 (1st Cir. 1998)**.** Here, Plaintiffs' Complaint fails to allege either legal theory. Not only do Plaintiffs fail to allege that Gould and Pendergast were named fiduciaries, they also fail to allege any facts to support the argument that they were functional fiduciaries.

"The key determinant of whether a person qualifies as a functional fiduciary is whether that person exercises discretionary authority in respect to, or meaningful control over, an ERISA plan, its administration, or its assets (such as by rendering investment advice)." *Beddall*, 137 F.3d at 18 (citations omitted). A court must inquire whether that party "is a fiduciary with respect to the particular activity at issue." *Cotton*, 402 F.3d at 1277. (quoting *Coleman v. Nationwide Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992)). "Because one's fiduciary responsibility under ERISA is directly and solely attributable to his possession or exercise of discretionary authority, fiduciary liability arises in specific increments correlated to the vesting or performance of particular fiduciary functions in service of the plan, not in broad, general terms." *Id.* The "mere exercise of physical

control or the performance of mechanical administrative tasks generally is insufficient to confer fiduciary status." *Beddall*, 137 F.3d at 18. As the First Circuit has stated, "discretion is a *sine qua non* of fiduciary duty." *Cottrill v. Sparrow, Johnson & Ursillo, Inc*., 74 F.3d 20, 22 (1st Cir. 1996) (internal quotation marks omitted).

Here, Plaintiffs' Complaint falls woefully short of establishing that Gould or Pendergast were fiduciaries by way of their discretion. The Complaint states in conclusory language that Gould and Pendergast "violated the fiduciary duties imposed on them by the trust agreement and by ERISA." (*See Id.* at ¶ 126). Yet, to establish a party's fiduciary status a complaint needs to do more than just recite the statutory definition. *Cotton*, 402 F.3d at 1278 (finding the allegations that defendant "(a) sold Policies and helped establish the Plan, (b) administered, managed, and controlled such Policies, (c) exercised discretionary authority over plan assets, and (d) exercised discretionary authority with respect to plan management and administration," insufficient because they simply recited the statutory definition) (quotations omitted); *Bacon v. Stiefel Labs., Inc*., 677 F. Supp. 2d 1331, 1341 (S.D. Fla. Jan. 4, 2010) (dismissing all ERISA claims because the Complaint tracked the statutory language by stating the defendant was a fiduciary "because [it] had, without limitation, the authority to name and retain the Employee Plan's Trustee, the Committee and Plan Administrator, and [it] exercised discretion, authority or discretionary control respecting the management, administration or disposition of assets of the Employee Plan.").

Plaintiffs' Complaint offers no factual support to maintain that Gould or Pendergast had any authority over the ESOP or its assets. *Cotton*, 402 F.3d at 1278 (finding the plaintiff's assertions to be conclusory because they did not explain where the defendant's discretion came from); *In re ING Groep, N.V. ERISA Litig*., 749 F. Supp. 2d 1338, 1346 (N.D. Ga. March 31, 2010) (granting motion to dismiss where plaintiff did not describe the source of defendants'

responsibilities and authority with respect to the plan). In particular, it is unclear from Plaintiffs' allegations whether Gould or Pendergast's employment granted them any control or responsibility over the Plan. Further, the allegations of fiduciary breach provide no facts tending to establish Gould or Pendergast's fiduciary status with respect to the alleged conduct. *See, e.g., Beddall*, 137 F.3d at 18 (explaining that under the statute fiduciary liability arises in specific circumstances "correlated to the vesting or performance of particular fiduciary functions in service of the plan").

Rather, the Complaint lumps together Spinnaker, Gould, and Pendergast when listing the alleged fiduciary breaches. From these allegations, it is uncertain whether Gould or Pendergast did in fact possess or exercise discretionary authority with respect to the alleged breaches, or whether they were simply responsible for ministerial or administrative tasks. *Beddall*, 137 F.3d at 18; *see also*, *Yeseta v. Baima*, 837 F.2d 380, 384-85 (9th Cir. 1988) (finding that the defendants whose control over the plan were "purely ministerial" and who did not exercise "control respecting management" of the Plan were not fiduciaries). Instead, Plaintiffs' cumulative allegations against the Spinnaker Defendants as a whole, make it impossible to distinguish how Gould or Pendergast, as individual employees, were allegedly fiduciaries under ERISA.

Plaintiffs' Complaint therefore lacks specific factual support to establish that Gould or Pendergast actually possessed or exercised authority with respect to the alleged fiduciary breaches instead of simply exercising non-discretionary or ministerial functions with respect to this conduct. Neither ERISA, applicable case law, nor the allegations in the Complaint support personal liability against Gould or Pendergast. As such, the Court should dismiss the ERISA claims against Gould and Pendergast.

II.     **THE REMAINING CLAIMS AGAINST GOULD AND PENDERGAST SHOULD BE DISMISSED FOR THE REASONS SET FORTH IN SPINNAKER'S MOTION**

In addition to the ERISA claim, Plaintiffs allege 13 other causes of action against Gould and Pendergast, each of which is also asserted against Spinnaker.[1] As set forth in Spinnaker's Motion for Judgment on the Pleadings, Plaintiffs' claims fail to satisfy every pleading standard required. Because the allegations against Gould and Pendergast mirror those against Spinnaker, the grounds for dismissal set forth in Spinnaker's Motion also support dismissal of the claims against Gould and Pendergast and are incorporated herein by reference.

III.    **CONCLUSION**

For all of the reasons set forth in Spinnaker's Motion for Judgment on the Pleadings, and for each of the reasons stated above, Plaintiffs' Complaint should be dismissed against Gould and Pendergast with prejudice.

---

[1] The remaining claims against Gould and Pendergast include: Count I (RICO Wire Fraud), Count II (Fraud), Count VI (Breach of Fiduciary Duty), Count XI (Conspiracy), Count XII (Defamation), Count XX (Business Defamation), Count XVI (Tortious Interference), Count XIX (Deceptive Trade Practices), Count XXI (Conversion), Count XXII (RICO Trade Secrets), Count XXIII (Computer and Fraud Abuse), Count XXIV (Negligent Misrepresentation), and Count XXV (Intentional Interference with Prospective Economic Advantage).

Respectfully submitted,


/s/ *Nicholas B. Carter*
Nicholas B. Carter (BBO #561147)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel:       (617) 720-2626
Fax:      (617) 227-5777
Email:    ncarter@toddweld.com

Scott J. Stitt (0073943)
TUCKER ELLIS LLP
175 S. Third St.
Suite 520
Columbus, OH 43215
Telephone:  614.358.9717
Facsimile:  614.358.9712
E-Mail:      scott.stitt@tuckerellis.com
(*pro hac vice* application pending)

Chelsea Mikula (0086453)
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Tel:         216.592.5000
Fax:         216.592.5009
E-mail:       chelsea.mikula@tuckerellis.com
(*pro hac vice* application pending)

*Attorneys for Defendants Jeannine Pendergast*
*and Robert Gould*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2020, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


/s/ Nicholas B. Carter
*One of the Attorneys for Defendants Jeannine*
*Pendergast and Robert Gould*