IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN R. WADE, III, SHARON WADE, JOHN WADE IV, AND TAYLOR WADE, | ) CASE NO. 1:20-cv-10523-DLC |
| Plaintiffs, | ) MAGISTRATE JUDGE DONALD L. CABELL |
| v. | ) |
| TRI-WIRE EMPLOYEE STOCK OPTION TRUST, SCOTT PERRY, ROBERT R. NEWELL, ROBERT LANDRY, DAVID GESMONDI, CAPITAL TRUSTEES, LLC, SPINNAKER TRUST, ROBERT GOULD, JEANNINE PENDERGAST, EMPIRE VALUATION CONSULTANTS, LLC, SES WINDING UP CORPORATION F/K/A SES ADVISORS, INC., SES ESOP STRATEGIES, LLC, AS SUCCESSOR TO SES ADVISORS, INC., BELLMARK PARTNERS, LLC, JOHN MARSH, LORI WENETTA, AND RUBEN KLEIN, | ) **DEFENDANT TRI-WIRE EMPLOYEE STOCK OWNERSHIP TRUST'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| Defendants. | ) |

Defendant Tri-Wire Employee Stock Ownership Trust ("ESOT") hereby moves to dismiss Plaintiffs' Complaint for failure to state a claim.

## RELEVANT FACTS

This case is about actions surrounding a December 30, 2016 transaction in which Plaintiff John R. Wade III ("Wade" or "Plaintiff") sold 100% of his shares in Tri-Wire Engineering Solutions, Inc. ("Tri-Wire" or the "Company"). The sale resulted in the creation of an employee stock ownership plan ("ESOP"), which is now the owner of the shares of Tri-Wire. A trust was also created as part of the ESOP, the employee stock ownership trust ("ESOT"). As set forth in the Trust Agreement (attached as Exhibit 3 to the Complaint [Doc. 1-3]), the ESOT is simply the entity that holds the shares on behalf of the ESOP, and the entity to which contributions to the

ESOP are accepted, invested, and maintained. Spinnaker took over as Trustee for the ESOP, as well as the ESOT, in March of 2017. On March 16, 2020, Plaintiff John R. Wade III and his family members filed a broad-sweeping Complaint and named the ESOT, but not the ESOP, as a party.

## LAW AND ARGUMENT

The Court must dismiss a Complaint if, after accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of a plaintiff, it determines that the Complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to defeat a motion to dismiss, a Complaint must contain "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the asserted claims. *Fantini v. Salem State Coll*., 557 F.3d 22, 26 (1st Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead "more than labels and conclusions," and the factual allegations must be sufficient to "raise a right [to] relief above the speculative level." *Morales–Tañon v. P.R. Elec. Power Auth*., 524 F.3d 15, 18 (1st Cir. 2008) (internal quotation marks omitted).

Even accepting all allegations in the Complaint as true, Plaintiffs' Complaint against the ESOT must be dismissed because there are no allegations against the ESOT within the Complaint to support any cause of action. While the ESOT is identified in Paragraph 12 of the Complaint and referenced sporadically in the factual background section, there is not a single cause of action that alleges any act or omission taken by the ESOT.

Nor could there be, because there is nothing that the ESOT – the trust for an employee benefit plan, the Tri-Wire ESOP – could have done in this matter. The trust is no different than a bank account – it holds and transfers cash and the shares owned by the ESOP. The ESOT cannot act on its own – it can only accept and invest shares and cash directed by its trustee or other authorized representatives. But the holding and investment of cash and Tri-Wire stock by the trust

2

is not at issue in any of the claims. There simply are no allegations regarding the ESOT, let alone any allegations that could plausibly state a claim against the ESOT. For this reason alone, dismissal is appropriate.

In addition, the ESOT should be dismissed for the same reasons set forth in Defendant Spinnaker's Motion for Judgment on the Pleadings. Rather than restate the same arguments, the ESOT incorporates Defendant Spinnaker's Motion for Judgment on the Pleadings (and Memorandum) as if fully stated herein.

## **CONCLUSION**

For all of the reasons stated above, Plaintiffs' Complaint should be dismissed against the ESOT with prejudice.

Respectfully submitted,


/s/ *Nicholas B. Carter*
Nicholas B. Carter (BBO #561147)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel:      (617) 720-2626
Fax:      (617) 227-5777
Email:    ncarter@toddweld.com

Scott J. Stitt (0073943)
TUCKER ELLIS LLP
175 S. Third St.
Suite 520
Columbus, OH 43215
Telephone:  614.358.9717
Facsimile:  614.358.9712
E-Mail:     scott.stitt@tuckerellis.com
(*pro hac vice* application allowed)

Chelsea Mikula (0086453)
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Tel:      216.592.5000
Fax:      216.592.5009
E-mail:    chelsea.mikula@tuckerellis.com
(*pro hac vice* application allowed)

*Attorneys for Defendants Tri-Wire Employee Stock Ownership Trust*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2020, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ Nicholas B. Carter_____
*One of the Attorneys for Defendants Tri-Wire*
*Employee Stock Ownership Trust*