UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN R. WADE, III, SHARON WADE, JOHN WADE IV, and TAYLOR WADE,<br><br>        Plaintiffs,<br>   v.<br><br>TRI-WIRE EMPLOYEE STOCK OPTION TRUST, SCOTT PERRY, ROBERT R. NEWELL, ROBERT LANDRY, DAVID GESMONDI, CAPITAL TRUSTEES, LLC, SPINNAKER TRUST, ROBERT GOULD, JEANINE PENDERGAST, EMPIRE VALUATION CONSULTANTS, LLC, SES WINDING UP CORPORATION f/k/a SES ADVISORS, INC., SES ESOP STRATEGIES, LLC, as successor to SES ADVISORS, INC., BELLMARK PARTNERS, LLC, JOHN MARSH, LORI WENETTA, and RUBEN KLEIN,<br>        Defendants. | Civil Action No. 1:20-cv-10523-DLC |

**REPLY IN FURTHER SUPPORT OF
CAPITAL TRUSTEES, LLC'S MOTION TO DISMISS [DOC. 55]
[LEAVE TO FILE GRANTED ON 9/25/20]**

     In their 50-page Combined Opposition Brief (Doc. 109) (the "Opposition"), Plaintiffs reference Capital Trustees only in the introduction (pgs. 2, 3, 6), and then again in passing in the statement of facts (pgs. 9-10). That's it. Plaintiffs devote some 30 pages to legal arguments, but there is not a single reference to Capital Trustees and its specific arguments for dismissal (*see* Doc. 55), let alone the identification of any Complaint allegations that purportedly state a plausible claim against it. (*See* Doc. 109 at 21-50) (addressing dismissal arguments by, and claims against, the Board Defendants, Officer Defendants, Spinnaker, and the Spinnaker Executives).

     Plaintiffs' abandonment of their claims against Capital Trustees is not surprising. After all, this case arises out of a management dispute that arose years after Capital Trustees' brief service

as transactional trustee ended.

As explained in Capital Trustees Motion to Dismiss ("Motion") (Doc. 55), Plaintiffs' claims against it fail both as a matter of law, and because of clear pleading deficiencies that violate the Supreme Court's plausibility requirement. Because Plaintiffs do not argue otherwise, the Motion should be granted.

Plaintiffs lack of any argument opposing the Motion also constitutes waiver, an additional basis to dismiss the Complaint against Capital Trustees. Plaintiffs do not even attempt to address Capital Trustees' specific arguments for dismissal or point to any Complaint allegations that state a plausible claim. They have therefore waived any opposition to dismissal. *See, e.g.*, *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 456 F. Supp. 2d 131, 152 (D. Me. 2006) ("failure to oppose specific arguments in a motion to dismiss results in waiver") (citing *Collins v. Marina-Martinez*, 894 F.2d 474, 481 n.9 (1st Cir. 1990)); *Grundy v. HSBC Bank USA, N.A.*, No. 17-11449-PBS, 2018 U.S. Dist. LEXIS 155236, at *17 (D. Mass. July 16, 2018) (same) (collecting First Circuit cases).

For the forgoing reasons, and the reasons set forth in the Motion, the Court should grant the Motion in its entirety and dismiss Capital Trustees from this case.

Dated: October 2, 2020

/s/ Michael L. Scheier
Michael L. Scheier (*pro hac vice*)
Brian P. Muething (*pro hac vice*)
Jacob D. Rhode (*pro hac vice*)
KEATING MUETHING & KLEKAMP PLL
One E. 4th Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
jrhode@kmklaw.com

and

Conrad J. Bletzer, Jr. (BBO# 045760)
Danielle L. Nudelman-McGonigle
BLETZER AND BLETZER, P.C.
300 Market Street
Brighton, MA 02135
Tel: (617) 254-8900
Fax: (617) 254-5522
conrad@bletzerlaw.com
dnudelman@bletzerlaw.com

*Attorneys for Defendant Capital Trustees LLC*

## CERTIFICATE OF SERVICE

I certify that on October 2, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

*/s/ Michael L. Scheier*
Michael L. Scheier (*pro hac vice*)