UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SPINNAKER TRUST and TRI-WIRE ENGINEERING SOLUTIONS, INC. | ) ) ) | |
| Counter Claimants, | ) ) | CIVIL ACTION NO. 20-CV-10523-LTS |
| v. | ) ) ) | |
| JOHN R. WADE, III | ) ) | |
| Counter Defendant. | ) ) ) | |

## JOHN R. WADE, III'S ANSWER AND DEFENSES TO SPINNAKER TRUST'S COUNTERCLAIMS

Counterclaim Defendant, John R. Wade, III ("Wade"), by and through his undersigned counsel, answers the remaining claims in Spinnaker Trust's Counterclaims and Jury Demand filed June 15, 2020 (*see* Dkt No. 43)(the "Counterclaims").

Wade denies each and every allegation contained in the Counterclaims, including, without limitation to, the footnotes, headings, and subheadings contained therein, except those allegations that Wade expressly admits herein or those as to which Wade lacks knowledge or information sufficient to form a belief as to their truth. Wade expressly reserves the rights to amend and/or supplement this answer:

Wade answers as follows:

1.      Wade states that Paragraph 1 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 1 except that he admits to being the sole shareholder and owner of Tri-Wire Engineering Solutions, Inc. ("Tri-Wire" or the "Company") until the performance of the ESOP

Transaction. To the extent Paragraph 1 purports to summarize the identities of the Company's Directors and Officers during calendar year 2016, the record of those persons is a matter of public record in the state of Massachusetts pursuant to General Laws, Chapter 156D, Section 16.22 and Wade relies on those records to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the corporate records of the state of Massachusetts, Wade denies the allegations in Paragraph 1.

2.      Wade states that Paragraph 2 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 2.

3.      Wade states that the allegations in Paragraph 3 purport to paraphrase certain contractual provisions of the Stock Redemption Agreement and Stock Purchase Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of the Stock Redemption Agreement and Stock Purchase Agreement, Wade denies the allegations in Paragraph 3.

4.      Wade states that the allegations in Paragraph 4 purport to paraphrase certain contractual provisions of the Stock Purchase Agreement, Stock Redemption Agreement and Subordinated Loan Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of the Stock Redemption Agreement, Stock Purchase Agreement, and Subordinated Loan Agreement, Wade denies the allegations in Paragraph 4.

5.      Wade states that Paragraph 5 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade states that the allegations in

Paragraph 5 purport to paraphrase certain contractual provisions of the Stock Purchase Agreement and Stock Redemption Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of the Stock Purchase Agreement and Stock Redemption Agreement, Wade denies the allegations in Paragraph 5.

6.       Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 except that Wade admits he was informed certain members of the Tri-Wire Board of Directors purported to create a "Special Committee" sometime in or around February 2019 and he has received demand letters from this purported "Special Committee" and from Spinnaker related to their "investigation."

7.       Wade states that Paragraph 7 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 7 except that Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 to the extent the allegations are based on information purportedly collected during the performance of Spinnaker's "investigation."

8.       Wade states that Paragraph 8 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 8 except that to the extent the allegations are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.       Wade states that Paragraph 9 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 9 except that to the extent the allegations are based on information purportedly

collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.     Wade admits the allegations in Paragraph 10.

11.     Wade denies having knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 11.

12.     Wade states that Paragraph 12 purports to state legal conclusions to which no response is required except that he admits that on March 22, 2017, Spinnaker became the custodial trustee of the Tri-Wire Employee Stock Ownership Plan (the "ESOP") and therefore Spinnaker was not directly involved in the ESOP Transaction.

13.     Wade admits the allegations in Paragraph 13 except that he denies being a resident of New York state.

14.     Wade states that Paragraph 14 purports to state legal conclusions to which no response is required.

15.     Wade states that Paragraph 15 purports to state legal conclusions to which no response is required.

16.     Wade states that Paragraph 16 purports to state legal conclusions to which no response is required.

17.     Wade admits the allegations in Paragraph 17.

18.     Wade denies having sufficient information to form a belief as to the truth of the allegations in Paragraph 18 except that he admits that Tri-Wire, as part of its business, performs residential telecommunications installations.

19.     Wade denies the allegations in Paragraph 19 except that he admits that prior to the performance of the ESOP Transaction, he was the sole shareholder and owner of Tri-Wire and he

was CEO of the Company until April 19, 2019 when he was unlawfully terminated as CEO of the Company, without cause, by the purported "Special Committee" of the Board of Directors.

20.     Wade denies the allegations in Paragraph 20.

21.     Wade denies the allegations in Paragraph 21.

22.     Wade denies the allegations in Paragraph 22.

23.     Wade denies the allegations in Paragraph 23 except that he admits—upon the guidance of ESOP specialists he engaged—to retaining an ESOP trustee and valuation firm for purposes of the ESOP Transaction.

24.     Wade denies the allegations in Paragraph 24 except that he admits—upon the guidance of ESOP specialists he engaged—to retaining GreatBanc Trust Company as ESOP Trustee prior to Capital Trustees was retained and that Empire Valuation was the firm that valued his shares for purposes of the ESOP Transaction.

25.     Wade denies the allegations in Paragraph 25 except that he denies having knowledge or information sufficient to form a belief as to the truth of whether the meeting referred to in this Paragraph occurred on September 12, 2016, he admits he retained Capital Trustees at some point during the fall of 2016 and he admits that Empire Valuation was the firm that valued his shares for purposes of the ESOP Transaction.

26.     Wade denies the allegations in Paragraph 26 except he denies having knowledge or information sufficient to form a belief as to the truth of whether the meeting referred to in this Paragraph occurred on November 14, 2016.

27.     Wade denies the allegations in Paragraph 27.

28.     Wade denies the allegations in Paragraph 28.

29.     Wade admits the allegations in Paragraph 29.

30.     Wade states that the allegations in Paragraph 30 purport to paraphrase certain contractual provisions of the Stock Redemption Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of the Stock Redemption Agreement, Wade denies the allegations in Paragraph 30.

31.     Wade states that the allegations in Paragraph 31 purport to paraphrase certain contractual provisions of the Stock Purchase Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of the Stock Purchase Agreement, Wade denies the allegations in Paragraph 31.

32.     Wade states that Paragraph 32 purports to state legal conclusions to which no response is required.

33.     Wade denies the allegation in Paragraph 33 that Capital Trustees and Empire Valuation based their valuation of the ESOP Transaction on the information he personally provided to them. Further answering, Wade states the allegations in Paragraph 33 purport to paraphrase certain  provisions of the Stock Purchase Agreement, Stock Redemption Agreement, Subordinated Loan Agreement, and Fairness Opinion produced by Empire Valuation, in addition to other legal documents and contracts underlying the ESOP Transaction. Wade relies on those contractual provisions, opinions, and legal documents to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of these agreements and opinions Wade denies the allegations in Paragraph 33.

34.     Wade states that the allegations in Paragraph 34 purport to paraphrase certain contractual provisions of the Stock Purchase Agreement, Stock Redemption Agreement, and

Subordinated Loan Agreement, in addition to other legal documents and contracts underlying the ESOP Transaction. Wade relies on those legal documents and contracts to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of these provisions, Wade denies the allegations in Paragraph 34.

35.     Wade states that the allegations in Paragraph 35 purport to paraphrase certain contractual provisions of a Credit Agreement between the Company and JP Morgan Chase Bank, N.A. and a Note and Warrant Purchase Agreement between the Company and Massachusetts Capital Resource Company. Wade relies on those contracts to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of these provisions, Wade denies the allegations in Paragraph 35.

36.     Wade admits the allegation in Paragraph 36 that he received a Working Capital Adjustment pursuant to the terms of Section 1.2 of the Stock Purchase Agreement. Wade otherwise states that Paragraph 36 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 36.

37.     Wade states that Paragraph 37 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 37.

38.     Wade states that Paragraph 38 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 38.

39.     Wade states that the allegations in Paragraph 39 purport to paraphrase certain contractual provisions of the Stock Purchase Agreement. Wade relies on those provisions to

speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of these provisions, Wade denies the allegations in Paragraph 39.

40.     Wade states that the allegations in Paragraph 40 purport to paraphrase certain contractual provisions of the Stock Redemption Agreement and Stock Purchase Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of these provisions, Wade denies the allegations in Paragraph 40.

41.     Wade states that the allegations in Paragraph 41 purport to paraphrase certain contractual provisions of the Stock Redemption Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of these provisions, Wade denies the allegations in Paragraph 41.

42.     Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     Wade states that the allegations in Paragraph 43 purport to paraphrase certain contractual provisions of the Stock Redemption Agreement and Stock Purchase Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of these provisions, Wade denies the allegations in Paragraph 43.

44.     Wade states that Paragraph 44 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 44.

45.     Wade states that Paragraph 45 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 45.

46.     Wade states that Paragraph 46 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 46.

47.     Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     Wade states that Paragraph 48 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies any wrongdoing whatsoever related to the supposed findings of Spinnaker's "investigation" but is without sufficient information and knowledge to understand what the investigation actually uncovered because the work product of the investigation has been withheld from him, at all relevant times herein, in violation of the contractual agreements between the parties, including without limited to, the "Memorandum of Understanding."

49.     Wade denies the allegations of Paragraph 49 except that to the extent the allegations in Paragraph 49, are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.     Wade states that Paragraph 50 purports to state legal conclusions to which no response is required except that to the extent any additional response is required, Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.     Wade denies the allegations of Paragraph 51 except that to the extent the allegations in Paragraph 51 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     Wade denies the allegations of Paragraph 52 except that to the extent the allegations in Paragraph 52 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     Wade denies the allegations of Paragraph 53 except that to the extent the allegations in Paragraph 53 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.     Wade denies the allegations of Paragraph 54 except that to the extent the allegations in Paragraph 54 are entirely based on are based on information purportedly collected during the performance of Spinnaker "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.     Wade states that the allegations in Paragraph 55 purport to paraphrase certain paragraphs of Wade's Complaint filed on March 15, 2020. Wade relies on those paragraphs to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of these paragraphs, Wade denies the allegations in Paragraph 55.

56.     Wade denies the allegations in Paragraph 56. Further answering, Wade states that this Paragraph's purported paraphrasing of Paragraph 103 of the March 15, 2020 Complaint is misleading and incomplete.

57.     Wade denies the allegations of Paragraph 57 except that to the extent the allegations in Paragraph 57 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.     Wade denies the allegations of Paragraph 58 except that to the extent the allegations in Paragraph 58 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     Wade denies the allegations of Paragraph 59 except that to the extent the allegations in Paragraph 59 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     Wade denies the allegations of Paragraph 60, except that to the extent the allegations in Paragraph 60 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61.     Wade denies the allegations of Paragraph 61 except that to the extent the allegations in Paragraph 61 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62.     Wade denies the allegations of Paragraph 62 except that to the extent the allegations in Paragraph 62 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63.     Wade denies the allegations of Paragraph 63 except that to the extent the allegations in Paragraph 63 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.     Wade denies the allegations of Paragraph 64 except that to the extent the allegations in Paragraph 64 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     Wade denies the allegations of Paragraph 65 except that to the extent the allegations in Paragraph 65 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     Wade denies the allegations of Paragraph 66 except that to the extent the allegations in Paragraph 66 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     Wade denies the allegations of Paragraph 67 except that to the extent the allegations in Paragraph 67 are based on information purportedly collected during the

performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.    Wade denies the allegations of Paragraph 68 except that to the extent the allegations in Paragraph 68 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.    Wade states that Paragraph 69 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 69 except that to the extent the allegations in Paragraph 69 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.    Wade states that Paragraph 70 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 70 except that to the extent the allegations in Paragraph 70 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.    Wade states that Paragraph 71 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 71 except that to the extent the allegations in Paragraph 71 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies

having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72.     Wade states that Paragraph 72 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 72 except that to the extent the allegations in Paragraph 72 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.     Wade states that Paragraph 73 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 73 except that to the extent the allegations in Paragraph 73 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.     Wade denies the allegations in Paragraph 74 except that to the extent the allegations in Paragraph 74 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.     Wade denies the allegations in Paragraph 75 except that to the extent the allegations in Paragraph 75 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.     Wade states that Paragraph 76 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 76 except that to the extent the allegations in Paragraph 76 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77.     Wade states that Paragraph 77 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 77 except that to the extent the allegations in Paragraph 77 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     Wade admits the allegations in Paragraph 78.

79.     Wade denies the allegations in Paragraph 79 except that to the extent the allegations in Paragraph 79 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.     Wade denies the allegations in Paragraph 80 except that to the extent the allegations in Paragraph 80 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.     Wade denies the allegations in Paragraph 81 except that to the extent the allegations in Paragraph 81 are based on information purportedly collected during the

performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     Wade denies the allegations in Paragraph 82 except that to the extent the allegations in Paragraph 82 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     Wade states that Paragraph 83 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in Paragraph 83 except that to the extent the allegations in Paragraph 83 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     Wade denies the allegations in Paragraph 84 except that to the extent the allegations in Paragraph 84 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.     Wade states that the allegations in paragraph 85 purport to paraphrase January 25, 2016 emails to Wade from an unidentified person and therefore he denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.     Wade denies the allegations in Paragraph 86 except that to the extent the allegations in Paragraph 86 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.     Wade states that the allegations in Paragraph 87 purport to paraphrase a July 12, 2016 email to Wade from an unidentified person and therefore he denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.     Wade states that the allegations in Paragraph 88 purport to paraphrase emails to Wade from an unidentified person and therefore he denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.     Wade denies the allegations in Paragraph 89 except to admit to the existence of a July 14, 2016 email from Wade's Tri-Wire email account to Tri-Wire employee Nick Tensen and Tri-Wire employee Tina McAuliffe.

90.     Wade denies the allegations in Paragraph 90 except that to the extent the allegations in Paragraph 90 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.     Wade denies the allegations in Paragraph 91 except that to the extent the allegations in Paragraph 91 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.     Wade denies the allegations in Paragraph 92 except that to the extent the allegations in Paragraph 92 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     Wade denies the allegations in Paragraph 93 except that to the extent the allegations in Paragraph 93 are based on information purportedly collected during the

performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.     Wade denies the allegations in Paragraph 94 except that to the extent the allegations in Paragraph 94 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95.     Wade denies the allegations in Paragraph 95 except that to the extent the allegations in Paragraph 95 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.     Wade denies the allegations in Paragraph 96 except that to the extent the allegations in Paragraph 96 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97.     Wade denies the allegations in Paragraph 97 except that to the extent the allegations in Paragraph 97 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98.     Wade denies the allegations in Paragraph 98 except that to the extent the allegations in Paragraph 98 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99.     Wade denies the allegations of Paragraph 99 except that to the extent the allegations in Paragraph 99 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.     Wade states that Paragraph 100 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in this Paragraph except that to the extent the allegations in Paragraph 100 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101.     Wade denies the allegations in Paragraph 101 except that to the extent the allegations in Paragraph 101 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102.     Wade denies the allegations in Paragraph 102 except that to the extent the allegations in Paragraph 102 are based on information purportedly collected during the performance of Spinnaker's "investigation," Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103.     Wade denies the allegations in Paragraph 103 except that he admits to receiving a working capital adjustment pursuant to the terms of Section 1.2 of the Stock Purchase Agreement.

104.     Wade states that Paragraph 104 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in this Paragraph.

105.     Wade states that Paragraph 105 purports to state legal conclusions to which no response is required. To the extent a response is required, Wade denies the allegations in this Paragraph.

106.     Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107.     Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108.     Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109.     Wade denies the allegations in Paragraph 109.

110.     Wade denies the allegations in Paragraph 110.

111.     Wade denies the allegations in Paragraph 111.

112.     Wade denies the allegations in Paragraph 112.

113.     Wade denies the allegations in Paragraph 113 except that he admits the Special Committee purported to terminate him as the Company CEO through letter communication on April 19, 2019.

114.     Wade denies the allegations in Paragraph 114 except that he admits he received a letter dated May 2, 2019 purportedly from the "Special Committee" of the Tri-Wire Board of Directors demanding he pay the amount of $1,412,611.88.

115.    Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 115. Wade denies the allegations in the second sentence of Paragraph 115 except that he admits receiving a demand letter dated August 2, 2019 purportedly from the "Special Committee" of the Tri-Wire Board of Directors demanding he pay $18,296,126.

116.    Wade denies the allegations in Paragraph 116.

117.    Wade denies the allegations in Paragraph 117.

118.    Wade denies the allegations in Paragraph 118.

## COUNT I
## FRAUD/FRAUDULENT INDUCMENT

119.    In response to Paragraph 119 of the Counterclaims, Wade incorporates his responses to Paragraphs 1 through 118 of the Counterclaims as if set forth fully herein.

120.    Wade states that the allegations in Paragraph 120 purport to paraphrase certain contractual provisions of the Stock Redemption Agreement and Stock Purchase Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of the Stock Redemption Agreement and Stock Purchase Agreement, Wade denies the allegations in Paragraph 120.

121.    Wade states that the allegations in Paragraph 121 purport to paraphrase certain contractual provisions of the Stock Redemption Agreement. Wade relies on those provisions to speak for themselves, rather than on Spinnaker's characterization thereof. To the extent such characterization is inconsistent with the terms of the Stock Redemption Agreement and Stock Purchase Agreement, Wade denies the allegations in Paragraph 121.

122.    Wade denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122.

123.    Wade states that Paragraph 123 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 123.

124.    Wade states that Paragraph 124 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 124.

125.    Wade states that Paragraph 125 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 125.

126.    Wade states that Paragraph 126 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 126.

127.    Wade states that Paragraph 127 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 127.

128.    Wade states that Paragraph 128 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 128.

129.    Wade states that Paragraph 129 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 129.

## COUNT II
## INTENTIONAL MISREPRESENTATION

130.     In response to Paragraph 130 of the Counterclaims, Wade incorporates his responses to Paragraphs 1 through 129 of the Counterclaims as if set forth fully herein.

131.     Wade states that Paragraph 131 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 131.

132.     Wade states that Paragraph 132 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 132.

133.     Wade states that Paragraph 133 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 133.

134.     Wade states that Paragraph 134 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 134.

135.     Wade states that Paragraph 135 purports to state legal argument and conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 135.

## COUNT III
## BREACH OF CONTRACT

136.     In response to Paragraph 136 of the Counterclaims, Wade incorporates his responses to Paragraphs 1 through 135 of the Counterclaims as if set forth fully herein.

137.     Pursuant to the Court's June 29, 2021 Order, Count III of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraphs 137.

138.     Pursuant to the Court's June 29, 2021 Order, Count III of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraphs 138.

139.     Pursuant to the Court's June 29, 2021 Order, Count III of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraphs 139.

140.      Pursuant to the Court's June 29, 2021 Order, Count III of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraphs 140.

141.      Pursuant to the Court's June 29, 2021 Order, Count III of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraphs 141.

142.     Pursuant to the Court's June 29, 2021 Order, Count III of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraphs 142.

## COUNT IV
## VIOLATION OF MASSACHUSETTS UNFAIR AND DECEPTIVE BUSINESS PRACTICES ACT (M.G.L. CH. 93A, §§ 2, 11)

143.     In response to paragraph 143 of the Counterclaims, Wade incorporates his responses to Paragraphs 1 through 142 of the Counterclaims as if set forth fully herein.

144.    Wade states that Paragraph 144 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 144.

145.    Wade states that Paragraph 145 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 145.

146.    Wade states that Paragraph 146 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 146.

147.    Wade states that Paragraph 147 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 147.

### COUNT V
### SPECIFIC PERFORMANCE

148.    In response to paragraph 148 of the Counterclaims, Wade incorporates his responses to paragraphs 1 through 147 of the Counterclaims as if set forth fully herein.

149.    Wade states that Paragraph 149 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 149.

150.    Wade states that Paragraph 150 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 150.

151.    Wade states that Paragraph 151 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 151.

152.    Wade states that Paragraph 152 purports to state legal conclusions to which no response is required. To the extent any additional response is required, Wade denies the allegations in Paragraph 152.

## COUNT VI
## DECLARATORY JUDGMENT

153.    In response to paragraph 153 of the Counterclaims, Wade incorporates his responses to paragraphs 1 through 152 of the Counterclaims as if set forth fully herein

154.    Pursuant to the Court's June 29, 2021 Order, Count VI of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraph 154.

155.    Pursuant to the Court's June 29, 2021 Order, Count VI of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraph 155

156.    Pursuant to the Court's June 29, 2021 Order, Count VI of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraph 156.

157.    Pursuant to the Court's June 29, 2021 Order, Count VI of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraph 157.

158.     Pursuant to the Court's June 29, 2021 Order, Count VI of the Counterclaims was dismissed against Wade and therefore, Wade is not required to answer the allegations in Paragraph 158.

## PRAYER FOR RELIEF

Wade denies that Spinnaker is entitled to any of the relief requested in paragraphs 159-164 of its Counterclaims or any relief whatsoever. Further answering, Wade states that pursuant to the Court's June 29, 2021 Order, the Court dismissed Counts III and Count VI of the Counterclaims and therefore, Spinnaker's requested relief associated with its claims for breach of contract and declaratory judgment is no longer available.

## AFFIRMATIVE DEFENSES

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

With respect to the claims remaining, and without undertaking any burden of proof not otherwise assigned to him by law, Wade asserts the following affirmative defenses with respect to the causes of action Spinnaker purports to assert in the Counterclaims.

In addition to the defenses below, Wade reserves his rights to assert all affirmative defenses and counterclaims in reply pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 13 and applicable federal or state law.[1] Wade presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, as yet unstated, affirmative defenses and

---

[1]In this respect, Wade reserves all of his rights to assert permissive and compulsory counterclaims pursuant to Fed. R. Civ. P. 13 following the Court's review of his Motion for Reconsideration (*see* Dkt No. 153) and any appeal of the findings of law in the Court's June 29, 2021 Order, including but not limited to, the affirmative defense that any claim to damages under both the Stock Purchase Agreement and Stock Redemption Agreement is set-off against the amount owed by the Company to Wade pursuant to Wade's $13m Subordinated Note. In this respect, Wade also reserves his rights pursuant to Fed. R. Civ. P. 8(c)(2) if any of his affirmative defenses have been mistakenly designated as such.

counterclaims available. Wade, therefore, reserves his right to assert additional defenses, counterclaims and third-party claims in the event that discovery indicates that such additional defenses or claims would be appropriate.

## FIRST AFFRIMATIVE DEFENSE

Spinnaker's Counterclaims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, and/or laches.

## SECOND AFFIRMATIVE DEFENSE

Each of Spinnaker's Counterclaims fail to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Each of Spinnaker's Counterclaims are expressly preempted by The Employee Retirement Income Security Act of 1974 ("ERISA") pursuant to 29 U.S.C. §1144(a).

## FOURTH AFFIRMATIVE DEFENSE

Spinnaker's alleged injuries and/or damages, if any, were proximately caused by its own negligent or intentional conduct and/or by the conduct of others.

## FIFTH AFFIRMATIVE DEFENSE

Spinnaker's Counterclaims are barred, in whole or in part, because factors other than the alleged misrepresentations of material facts, or alleged actions or omissions by Wade, caused some or all of the alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Spinnaker's Counterclaims are barred, in whole or in part, by the doctrines of unclean hands, in pari delicto, assumption of risk and waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Spinnaker's Counterclaims are barred because its claims to damages are speculative, uncertain, and/or unsupported by any objective facts.

**EIGHTH AFFIRMATIVE DEFENSE**

Spinnaker is, by its own acts, bad faith, omissions and/or negligence estopped from asserting any Counterclaims against Wade.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Spinnaker's claims are predicated on the alleged existence of a contractual relationship between Spinnaker and Wade such claims are barred by the Court's June 29, 2021 Order, dismissing Spinnaker's breach of contract claims.

**TENTH AFFIRMATIVE DEFENSE**

Count IV of the Counterclaims fails to state a claim under Mass. Gen. Laws ch. 93A because there can be no liability under that statute for claims predicated on a contract where there are no damages other than those stemming from the alleged breach of contract, which, here is the Stock Purchase Agreement.

**ELEVENTH AFFIRMATIVE DEFENSE**

Spinnaker's Counterclaims contain allegations that relate to Wade's purported negligence and/or negligent misrepresentations. Spinnaker's damages associated with these claims are barred, or are otherwise limited by, the doctrine of comparative negligence.

**TWELFTH AFFIRMATIVE DEFENSE**

Spinnaker's claims for damages relating to the Working Capital Adjustment are barred by Section 1.2(b)(iii) of the Stock Purchase Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

Spinnaker's claims for damages are subject to the express restrictions set forth in Sections 9.3 and 9.4 of the Stock Purchase Agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

Spinnaker's Counterclaims are barred, in whole or part, by Section 9.5 of the Stock Purchase Agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE

Spinnaker has failed to plead a cause of action for fraud and intentional misrepresentation with particularity.

## SIXTEENTH AFFIRMATIVE DEFENSE

Spinnaker's claims for damages are expressly limited by the doctrine of set-off and/or recoupment specifically in that  (1) Section 9.7 of the Stock Purchase Agreement states that "[a]ny indemnification owed to the Purchaser under this Article 9 shall be satisfied by reduction in the amount owed by the Company to the Seller pursuant to the $13,000,000 subordinated promissory note issued as payment under the Stock Redemption" and (2) Section 8.6 of the Stock Purchase Agreement states that "[a]ny indemnification owed to the Company under this Article 8 shall be satisfied in the amount owed by the Company to the Selling Shareholder pursuant to the Thirteen Million Dollar Note."

## SEVENTEENTH AFFIRMATIVE DEFENSE

Count IV of the Counterclaims fails to state a claim under Mass. Gen. Laws ch. 93A because Spinnaker has failed to allege that Wade engaged in the extreme and egregious conduct necessary to plead and establish such a claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Spinnaker's Counterclaims are barred in whole, or in part, by its failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Spinnaker's Counterclaim of Specific Performance is barred because Spinnaker has an adequate remedy at law.

## TWENTIETH AFFIRMATIVE DEFENSE

Spinnaker's Counterclaims are barred because Spinnaker lacks constitutional standing to bring its remaining claims against Wade.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Spinnaker's Counterclaims are barred in whole, or in part, by the exclusive remedy provision contained in Section 9.6 of the Stock Purchase Agreement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Spinnaker's Counterclaims fail to state a claim in Count IV alleging violations of M.G.L. CH. 93A Section 2 and Section 11 because Wade is not a "a person who engaged in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice" for purposes of establishing liability under Chapter 93A, Section 2 and Section 11. Wade reserves all of his rights therefore to seek dismissal of Count IV on this basis.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Spinnaker is owed any damages pursuant to Count IV of the Counterclaims, alleging violations of M.G.L. CH. 93A, §§ 2, 11, Spinnaker is limited to single damages because Wade has tendered with this Answer a reasonable written offer of settlement to Spinnaker for single damages.

## JURY DEMAND

WADE DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

WHEREFORE, Wade prays that this Court enter judgment as follows:

1.      That judgment be entered in favor of Wade and Spinnaker's remaining

Counterclaims be dismissed with prejudice;

2.      For costs, attorneys' fees, and court hearing fees incurred by Wade; and

3.      For such other and further relief as this Court deems just and proper.


Dated: July 13, 2021
Boston, Massachusetts

**Respectfully Submitted,**

*/s/ Stephen D. Rosenberg*
Stephen D. Rosenberg [BBO #558415]
srosenberg@wagnerlawgroup.com
Jordan D. Mamorsky [BBO #705605]
jmamorsky@wagnerlawgroup.com
**Wagner Law Group, P.C.**
99 Summer Street, 13th floor
Boston, Massachusetts 02110
tel:(617) 357-5200
fax:(617) 357-5250


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified in the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on July 13, 2021.


*/s/ Stephen D. Rosenberg*